

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> SHUAI LYU, <br> Defendant. | Case No. 25-MJ-2175 <br><br> ORDER OF DETENTION |

I.

On April 16, 2025, Defendant Shuai Lyu – assisted by a mandarin language interpreter - was arraigned on the criminal complaint filed in this case. Defendant made his initial appearance on April 14, 2025, at which time the Court appointed Vitaly Sigal, a member of the indigent defense panel to represent Defendant. At Defendant's request, the arraignment was continued to April 15 and April 16 in order to secure retained counsel. On April 16, 2025, Defendant was represented by retained counsel, Richard Wynn. The government was represented by Assistant U.S. Attorney Erik Silber. Defendant submitted on the recommendation of detention in the report prepared by United States Probation and Pretrial Services.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of

terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]. The Court also considered the report and recommendation prepared by United States Probation and Pretrial Services.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:
- ☒ Unverified background information
- ☒ lack of legal status in the United States; Citizen of China
- ☒ family ties outside the United States
- ☒ unstable residence history
- ☒ lack of bail resources
- ☒ Defendant is currently on probation

As to danger to the community:
- ☒ substance use history
- ☒ Mental health history
- ☒ criminal history includes fraud conviction in 2023
- ☒ Allegations in the complaint – Defendant is charged with conspiracy to commit money laundering and is alleged to have accompanied the co-defendant who used false identification to retrieve parcels containing large amounts of U.S. Currency sent by victims of an investment fraud scheme; according to the co-defendant, Defendant Lyu communicated with the person who picked up the currency.

## V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: April 16, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE